PEOPLE *ex rel.* REIS *v.* FRENCH *et al.,* Police Commissioners.

*(Supreme Court, General Term, First Department.* June 6, 1890.)

MUNICIPAL CORPORATIONS—REMOVAL OF POLICEMAN.

    Relator, a policeman, was charged with being so drunk as to be unfit for duty. His captain testified that he could not walk straight, smelt very much of liquor,

and was unfit for duty, but could talk very well. Three of the sergeants testified that relator was unfit for patrol duty. Relator's denial as to his condition was only very slightly corroborated. *Held*, that the evidence created a question of fact for the police commissioners, and that their action in dismissing relator from the force would not be disturbed.

*Certiorari* to review the action of the police commissioners of the city of New York in dismissing relator, Charles T. Reis, from the police force.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*John M. Tierney*, for relator.   *John J. Delany*, for respondents.

DANIELS, J., The charge upon which the relator was tried and removed was that he was so much under the influence of intoxicating liquor in the first precinct station-house as to be unfit to perform police duty, and that this was his condition at the expiration of his tour of patrol duty on the 18th of January, 1889. The charge was denied by him, and in support of the charge Capt. McLaughlin testified that the officer could not walk straight, and smelt very much of liquor, but still he could talk very well. This was at the time he was entitled to leave the station-house, and he added that the officer was then unfit for duty. Sergeant Hatton gave substantially the same description of the officer, and added that this was his condition when he came in from patrol duty. Sergeant Doherty was not quite as pronounced in his conclusion, but by his evidence still confirmed the fact that the officer was so much influenced by liquor as to be incapable of overtaking a person who should endeavor to escape from his efforts to capture him. Sergeant Halpin was about as confident as the witnesses first examined, as to the officer's condition, and he added that the latter stated he had taken a drink on account of a person brought in by him, which he thought to be a case of cholera. But in his judgment the officer was unfit for patrol duty, by reason of being under the influence of liquor. The evidence of the surgeon was more favorable to the accused, but his inspection and examination of him was nearly an hour later in the afternoon. The officer denied being in this condition, and also the statement mentioned by Sergeant Halpin, and testified that the person brought in by him was a sick sailor. Patrolman Newton stated that he saw the officer about 20 minutes after 12, when he gave no indication of having been drinking. The further evidence was very slight, and not materially affecting the case. It is quite plain that the evidence created a question of fact for the commissioners to decide. It was sufficient to support the view adopted by them. And upon the whole case there seems to be but one alternative, and that is to affirm their decision. All concur.